# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
8/19/2026 9:16:33 PM

Clerk of the Superior Court
By J. Ortler ,Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
WEST HARBOR HEALTHCARE LLC, a California limited liability company; and DOES 1-3,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
PHI HEALTH, LLC, a Louisiana limited liability company,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡**AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice
330 West Broadway San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
26CL046608C

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory L. Doll, Jamie O. Kendall; Doll Amir & Eley LLP, 515 S. Flower St., Suite 1812, Los Angeles, CA 90071; 213-542-3380

DATE: *(Fecha)* September 2, 2026 Clerk, by *(Secretario)* J. Ortler , Deputy *(Adjunto)*
J. Ortler

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: WEST HARBOR HEALTHCARE LLC, a California limited liability company
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*: a limited liability company
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

DOLL AMIR & ELEY LLP
GREGORY L. DOLL (SBN 193205
gdoll@dollamir.com
JAMIE O. KENDALL (SBN 260231)
jkendall@dollamir.com
515 S. Flower Street, Suite 1812
Los Angeles, California 90071
Tel: 213.542.3380
Fax: 213.542.3381

Attorneys for Plaintiff
PHI HEALTH, LLC

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
8/19/2026 9:16:33 PM

Clerk of the Superior Court
By J. Ortler ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

PHI HEALTH, LLC, a Louisiana limited liability company,

Plaintiff,

v.

WEST HARBOR HEALTHCARE LLC, a California limited liability company, and DOES 1-3,

Defendants.

Case No. 26CL046608C

**PETITION TO CONFIRM ARBITRATION AWARD AND COMPLAINT FOR:**

**(1) IMPLIED RIGHT OF ACTION UNDER THE NO SURPRISES ACT;**
**(2) ENFORCEMENT OF ARBITRATION AWARD;**
**(3) DECLARATORY RELIEF;**
**(4) BREACH OF IMPLIED CONTRACT (QUANTUM MERUIT);**
**(5) COMMON COUNT; and**
**(6) UNFAIR BUSINESS ACTS AND PRACTICES (Bus. & Prof. Code § 17200)**



DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

Plaintiff PHI Health, LLC ("Plaintiff" or "PHI") brings this action against Defendants West Harbor Healthcare LLC and DOES 1-3 (collectively, "Defendants") to recover damages in the amount of $17,834.27.[1] This amount has already been held reasonably priced by a qualified, independent arbitrator; Defendants simply refuse to pay it. Plaintiff alleges as follows:

## INTRODUCTION

1. This action is necessary because Defendants have failed and/or refused to pay to PHI the money that Defendants were ordered to pay in an arbitration award rendered pursuant to the federal No Surprises Act ("NSA"). While the NSA is detailed below, in broad strokes, the NSA requires group health plans and health insurers to pay out-of-network providers of, among other things, air ambulance services (referred to as a "nonparticipating provider") for emergency services rendered to the plans' or insurers' covered members or insureds. The NSA further gives nonparticipating providers the power to compel group health insurance plans and insurers to participate in binding arbitration over the amount of reimbursement owed. The arbitration is called "Independent Dispute Resolution," or "IDR," and the arbitrator is called an "IDR entity." The IDR entity's determination is "binding upon the parties involved" and not subject to judicial review absent circumstances described under the Federal Arbitration Act at 9 U.S.C. § 10(a)(1)-(4). *See* 42 U.S.C. §§ 300gg-111(c)(5)(E)-(F); 29 U.S.C. § 1185e(c)(5)(E), 1185f; 45 C.F.R. § 149.510(c)(4)(vii)(A). Further, the group health plan or insurer must pay any additional payment required by the IDR entity's determination no later than thirty (30) calendar days after the determination issues. 42 U.S.C. § 300gg-111(c)(6); 29 U.S.C. § 1185e(c)(5)(A), 1185f(b)(5)(A), *see also* 45 C.F.R. § 149.510(c)(4)(ix).

2. Here, PHI is an air ambulance company that provides emergency medical transport to patients across the country. PHI transported a patient covered by a health benefits plan ("Plan") sponsored and/or administrated by Defendants. After Defendants refused to pay PHI's billed charges for this service, PHI initiated an arbitration pursuant to the NSA, which resulted in arbitration awards in PHI's favor of $36,455.67 (collectively, the "IDR Award").

---

[1] This is the amount awarded in the IDR arbitration, less amounts already paid and patient responsibility (also referred to herein as "IDR Award Balance Owed").

3. PHI therefore brings this action to confirm the IDR Award and to enter judgment for PHI in the amount of $17,834.27, which is the amount awarded in the IDR arbitration, less amounts already paid and any patient responsibility, plus pre- and post-judgment interests and costs of collection.

4. This confirmation action is made necessary because Defendants have failed—for many months—to pay PHI what the IDR entity's determination, and the No Surprises Act, require Defendants to pay for PHI's services.

5. PHI therefore brings this complaint and petition, pursuant to the Federal Arbitration Act ("FAA"), the California Arbitration Act ("CAA"), the No Surprises Act ("NSA"), Cal. Bus. & Prof. Code § 17200, *et. seq*., and common law to enter an order confirming the IDR Award and judgment against Defendants for the amount of money owed PHI.

**PARTIES**

6. Plaintiff PHI is a limited liability company organized under the laws of the State of Louisiana and headquartered in Phoenix, Arizona. PHI does not have a network contract with Defendants; PHI is thus a "nonparticipating provider" for purposes of the NSA.

7. Defendant West Harbor Healthcare LLC ("Insurer") at all relevant times was a California limited liability company with a principal address in Carlsbad, California. Insurer served as either the Plan Administrator or the Third-Party Administrator for the patient's Plan.

8. The true names and capacities of the defendants sued in this Complaint as Doe 1 through Doe 3 are currently unknown to PHI, and therefore PHI sues these defendants by fictitious names under Section 474 of the California Code of Civil Procedure. PHI will amend this Complaint to allege the true names and capacities of Doe 1 through Doe 3, inclusive, when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants named herein as Doe 1 through Doe 3, inclusive, is responsible in some manner for the debt owed to PHI under the NSA, as alleged in the Complaint.

**JURISDICTION AND VENUE**

9. Plaintiff PHI is an air ambulance company that provides emergency medical transport to patients across the country, including in California.

10. Many of the healthcare services rendered and other actions described herein occurred, were accomplished and/or had their purposeful effect in the State of California, where on information and belief, the patient at issue primarily resided and was insured. Accordingly, this Court has jurisdiction over such matters pursuant to, *inter alia*, Cal. Civ. Proc. Code § 410.10 and § 10 of Article VI of the California Constitution.

11. Venue is proper pursuant to Cal. Civ. Proc. Code § 395.

12. This Court has personal jurisdiction over Defendants because Defendants do significant business in this State and have a significant presence here and because PHI's claims arise out of Defendants' contacts with California with regards to the patient at issue.

## PHI INITIATED AND PREVAILED ON NSA ARBITRATION

**1. Background on NSA.**

13. The NSA became effective January 1, 2022. It is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury, which together created a mandatory federal dispute resolution process to determine pricing for all out-of-network emergency air ambulance transports of patients who are covered by commercial health plans.

14. The NSA creates a federal obligation for group health plans and health insurers to pay out-of-network providers of air ambulance services. In total, the group health plans and health insurer must pay the applicable "out-of-network rate" due for the service, less any cost-sharing amount owed by the patient.

15. Pursuant to the statute, a group health plan or insurer has 30 days from which the bill for a covered service is transmitted by the provider to pay or deny the claim. 29 U.S.C. § 1185e (b)(1)(C); 29 U.S.C. § 1185f(a)(3)(A). If initial payment is too low, the provider may initiate an "open negotiation period" to attempt to negotiate a higher amount. 29 U.S.C. § 1185e (c)(1)(A); 29 U.S.C. § 1185f (b)(1)(A). If the negotiations fail, the provider may initiate the IDR process. 29 U.S.C. § 1185e (c)(1)(B); 29 U.S.C. § 1185f (b)(1)(B).

16. The IDR process is baseball-style arbitration. It requires each side to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. 29

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

U.S.C. § 1185e (c)(5), 1185f(b)(5). The IDR entity considers both proposed offers and a number of statutory factors, and, and based on those factors, "select[s] one of the offers submitted . . . to be the amount of payment." *Id.*

17. The IDR entity's "determination" is made "binding" by the NSA. The group health plan or insurer must make any additional "payment required" by the determination "directly to the nonparticipating provider **not later than 30 days after** the date on which such determination is made" by the IDR entity. 29 U.S.C. § 1185e(c)(5); 29 U.S.C. § 1185f(b)(5) (emphasis added).

**B. PHI Filed Arbitration and Prevailed, Yet Defendants Refuse to Pay.**

18. PHI followed these steps for the transports at issue herein.

19. Defendants, and the beneficiaries of the Plans, received the benefit of PHI's air ambulance transportation services.

20. PHI followed industry standard billing process for billing Insurer, as administrator for the Plans, for the transports.

21. In response, Insurer sent PHI "Explanation of Benefits" forms (or "EOB") setting forth initial low underpayments to PHI for the service code billed for the transport. The EOB also specifies the patient's "cost sharing" amount.

22. Because the initial payment was deficient, PHI turned to the dispute resolution plan set forth in the NSA.

23. PHI timely initiated the open negotiation process through email. The parties were ultimately unable to agree to fair payment for the transports.

24. When open negotiations failed, pursuant to the NSA, PHI initiated IDR proceedings by submitting a Notice of Initiation through the federal IDR Portal for the transport and service code at issue.

25. The IDR determination was in PHI's favor, which resulted in PHI being owed additional payments for the out-of-network transport.

26. The Written Payment Determination Notices were provided and available to both PHI and Insurer.

///

## THE FACTS OF THIS DISPUTE

27. In 2024, PHI supplied emergency air ambulance transport services to a patient who was a member of a Plan sponsored and/or administrated by Defendants.

Policy/Group Number: 982082953/00707

Member ID: 419305

28. PHI sent Insurer a bill for these emergency medical transport services.

29. Insurer sent PHI an EOB form specifying the patient's "cost sharing" amount and setting forth an initial payment of $16,941.99 to PHI for the service code[2] at issue in this Complaint.

30. Because the initial payment was deficient, PHI turned to the dispute resolution plan set forth in the NSA.

31. PHI initiated an IDR proceeding under the No Surprises Act by submitting a Notice of Initiation through the federal IDR Portal for the transport and service code at issue in this case. PHI gave valid notice to Defendants[3] of the initiation of the IDR proceedings.

32. The IDR dispute was assigned IDR reference number DISP-3535498. The IDR entity assigned to DISP-3535498 was National Medical Reviews, Inc. ("IDR Entity").

33. The IDR Entity transmitted to PHI a Written Payment Determination Notice, which included the IDR Award for DISP-3535498. The IDR Award determined that the appropriate out-of-network rate for the transport and service code at issue was $34,776.23. The Written Payment Determination Notice and IDR Award are attached hereto as Exhibit 1.

34. The No Surprises Act obligates Defendants to pay PHI a total amount of $17,834.27 ("IDR Award Balance Owed"), which represents the IDR Award less any prior payment and cost-sharing responsibility of the patient:

| Service Code | IDR No. | IDR Award | Initial Payment | Patient's "Cost Sharing" | IDR Award Balance Owed |
|---|---|---|---|---|---|
| A0430 | 3535498 | $34,776.23 | $27,349.82 | $0.00 | $17,834.27 |
| **Total** | | **$34,776.23** | **$27,349.82** | **$0.00** | **$17,834.27** |

[2] Service Code A0430, which is the Ambulance Base Charge service code for fixed-wing transports.

[3] Pursuant to the NSA, the IDR is to be initiated against the entity on the EOB, which could be the insurer or a third-party administrator.



DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

35. To date, Defendants have not paid PHI the IDR Award Balance Owed. PHI simply wants the funds to which it is entitled.

36. The IDR Award should be confirmed by judgment of this Court pursuant to the California Arbitration Act and/or the Federal Arbitration Act. *See* Cal. Civ. Proc. Code § 1280, *et seq*., 9 U.S.C. § 9.

37. The No Surprises Act also includes an implied right of action against Defendants for the amount owed to PHI. Specifically, the NSA requires Defendants to make the "payment required pursuant to subsection (a)(3) [42 U.S.C.§ 300gg-112(a)(3); 29 U.S.C. § 1185e(c)(6), 1185f(b)(6)] . . . directly to the nonparticipating provider not later than 30 days after the date on which such determination is made" by the IDR entity. *Id.* at § 300gg-112(b)(6).

38. The NSA thus requires Defendants to pay to PHI the IDR Award Balance Owed for the transport at issue in this case.

**FIRST CAUSE OF ACTION**

***Implied Right of Action Under the No Surprises Act Against All Defendants***

39. PHI reincorporates each of the above paragraphs as though fully set forth herein.

40. The NSA states that a determination of a certified IDR entity "***shall be binding upon the parties involved***" and that payment "shall be made directly to [PHI] ***not later than 30 days after*** the date on which such determination is made" by the IDR entity. 29 U.S.C. § 1185e (c)(6); 29 U.S.C. § 1185f(b)(6) (emphasis added).

41. More than 30 days have passed since each of the IDR Award issued, and PHI has not received payment.

42. The IDR Award is valid and has not been vacated or set aside by any authority, and no grounds exists for vacating, modifying, or correcting the IDR Award.

43. Thus, the NSA requires Defendants to pay PHI the IDR Award Balance Owed for each transport at issue in this case, and Plaintiff is entitled to final judgment to enforce the IDR Award, including awarding the amount owed on unpaid, partially paid, and late-paid awards plus prejudgment and post-judgment interest.

/ / /

DOLL AMIR & ELEY LLP

**SECOND CAUSE OF ACTION**

***Enforcement of Arbitration Award Against All Defendants***

44. PHI reincorporates each of the above paragraphs as though fully set forth herein.

45. The IDR Award should be confirmed by judgment of this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

46. The IDR Award should be confirmed by judgment of this Court pursuant to the California Arbitration Act. *See* Cal. Civ. Proc. Code § 1280, *et seq*.

47. The IDR Award is valid and has not been vacated or set aside by any authority.

48. No grounds exist for vacating, modifying, or correcting the IDR Award.

49. Confirmation of the IDR Award necessitates a money judgment in PHI's favor in the total amount that Defendants are obligated to pay to PHI, namely, the IDR Award Balance Owed.

**THIRD CAUSE OF ACTION**

***Declaratory Relief Against All Defendants***

50. PHI reincorporates each of the above paragraphs as though fully set forth herein.

51. An actual controversy now exists between PHI and Defendants regarding the rights and duties of the parties in connection with the bills for services that PHI is required to provide to patients in the ordinary course of business.

52. To date, Defendants have not paid PHI the IDR Award Balance Owed.

53. PHI believes that Defendants improperly failed to comply with the NSA, Cal. Health & Saf. Code §§ 1371 and 1371.35, and the related regulations at 28 Cal. Code Regs. § 1300.71 by failing to timely or accurately pay bills for which defendants are financially responsible.

54. PHI seeks declaratory relief to confirm the rights and duties of the parties in these respects.

**FOURTH CAUSE OF ACTION**

***Breach of Implied Contract (Quantum Meruit) Against All Defendants***

55. PHI reincorporates each of the above paragraphs as though fully set forth herein.

56. Defendants owe PHI on an implied contract/quantum meruit for the services at issue. The common law, as well as Cal. Health & Saf. Code § 1371.4 of the Knox-Keene Act, create a duty

for Defendants to timely and accurately pay PHI. California law, like the common law, recognizes that a person who is financially responsible to pay for the necessary health care services rendered to a patient has received benefit from the provider who rendered those services, and thus, has a duty to pay for those services.

57. California law also expressly requires health plans and their delegated entities, like Defendants, to pay for the emergency services provided to their members. *See* Cal. Health & Saf. Code § 1371.4.

58. PHI has been damaged to the extent that Defendants have not paid the reasonable and customary value for the services PHI provided covered by the bills, plus interest at the statutory rate of fifteen percent (15%) pursuant to Cal. Health & Saf. Code §§ 1371 and 1371.35.

## FIFTH CAUSE OF ACTION

### *Common Count Against All Defendants*

59. PHI reincorporates each of the above paragraphs as though fully set forth herein.

60. To the extent not covered by the other causes of action, a common count has arisen between PHI and Defendants for Defendants to pay PHI for the services rendered by PHI to the covered by Defendant's Plan.

61. The No Surprises Act obligates Defendants to pay PHI a total amount of $17,834.27, which represents the IDR Award less any prior payment and cost-sharing responsibility of the patient.

62. To date, Defendants have not paid PHI the IDR Award Balance Owed.

63. PHI has been damaged to the extent that Defendants have not paid the billed charges for the services it provided, plus interest at the statutory rate of fifteen percent (15%) pursuant to Cal. Health & Saf. Code §§ 1371 and 1371.35.

## SIXTH CAUSE OF ACTION

### *Unfair Business Acts and Practices Against All Defendants*

64. PHI reincorporates each of the above paragraphs as though fully set forth herein.

65. Defendants are subject to liability for "unfair business practices" pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.* when they underpay out-of-network providers.

66. PHI believes that the Defendants have not paid PHI the IDR Award Balance Owed

following unfair payment patterns, constituting "unfair business practices" under Cal. Bus. & Prof. Code § 17200 *et seq*.

67. Defendants have failed to comply with Cal. Health & Saf. Code § 1371 and 28 Cal. Code Regs. § 1300.71 by paying PHI at rates far below the reasonable and customary value for services provided.

68. Defendants have failed to timely pay PHI's bills in accordance with Cal. Health & Saf. Code §§ 1371 and 1371.35 and 28 Cal. Code Regs. § 1300.71.

69. Defendants have failed to automatically pay the owed 15% interest.

70. Defendants' conduct constitutes illegal, unfair, and fraudulent business practices under Cal. Bus. & Prof. Code § 17200, *et. seq*.

71. PHI seeks restitution.

**PRAYER FOR RELIEF**

72. WHEREFORE, PHI prays for the following relief:

a. To confirm the IDR Award and enter judgment according to it against Defendants for $17,834.27, representing the IDR Award Balance Owed;

b. To order Defendants pay PHI pre- and post-judgment interest and costs of suit according to proof;

c. Ordering Defendants to pay PHI's attorneys' fees incurred in this action, the amount of which PHI will prove by separate motion; and

d. Awarding PHI all other relief to which it may be entitled.

DATED: August 19, 2026

DOLL AMIR & ELEY LLP

By: ______________________
GREGORY L. DOLL
JAMIE O. KENDALL
Attorneys for Plaintiff,
PHI Health, LLC

DOLL AMIR & ELEY LLP

# EXHIBIT 1

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3535498

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3535498** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$34,776.26** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0430 on claim number 224-0001390021-02 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $34,776.26

EBMS West Harbor Healthcare submitted an offer of $20,680.38

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | X |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | X |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | X |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Both parties submitted offers to be considered by the certified Independent Dispute Resolution (IDR) entity.

The Qualifying Payment Amount (QPA) was submitted by the Non-Initiating Party (NIP)

The Initiating Party (IP) submitted information with respect to:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, and the complexity of providing services to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of such vehicle only to the extent that the QPA did not already take such information into account and credible information on the air ambulance vehicle type and the vehicle's level of clinical capability to the extent that the QPA did not already take such information into account.

5. The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee, taking into consideration whether the pickup point was urban, suburban, rural or frontier.

The Non-Initiating Party (NIP) submitted credible information with respect to:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type is already accounted for in the QPA.

5. The level of market share for air ambulance providers in that city, county, region or state.

6. The current contracted rates for air ambulance providers who have entered into contracts with the health plan for the benefit of their members.

By considering these factors, a well-rounded understanding of the air ambulance service provider's performance and the potential areas for improvement or necessary adjustments was evaluated.

Based on this evaluation, the offer of the Initiating Party best represents the value of the air services that are the subject of this payment determination.

Therefore, the ruling is in favor of the Initiating Party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that EBMS West Harbor Healthcare is the non-prevailing party in DISP-3535498 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and

717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3535498 was PHI Health, LLC. The initiating party's NPI is 1780925990 and TIN is 721404705. The non-initiating party was EBMS West Harbor Healthcare. The 90-calendar day cooling off period begins on August 19, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*